RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB # 9391
Lead Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov

*Attorneys for Defendants Idaho State Board
of Education, Idaho Department of Educa-
tion, and Attorney General Labrador*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SARAH INAMA, an individual,<br><br>       *Plaintiff*,<br><br>  v.<br><br>IDAHO STATE BOARD OF EDUCATION,<br>an agency of the State of Idaho; et al.<br><br>       *Defendants.* | Case No. 1:26-CV-00064-DCN<br><br>**REPLY IN SUPPORT OF THE STATE<br>ENTITIES' MOTION TO DISMISS<br>[Dkt. 9]** |

## INTRODUCTION

Plaintiff Sarah Inama's response to the State Entities' motion to dismiss confirms that her lawsuit and response are legally frivolous and meritless. The Eleventh Amendment and sovereign immunity held by the State Entities (the Board of Education, the Department of Education, and the Attorney General) bar Ms. Inama's suit. The Declaratory Judgment Act does not create some freewheeling cause of action authorizing Ms. Inama to invade the State Entities' immunity. Nor does the Attorney General have any connection to the enforcement of Idaho Code § 33-143. Her suit should be dismissed.

The remaining issue is whether dismissal should be with prejudice. It should. Ms. Inama relies on an inapposite case, *Jensen v. Brown*, 131 F.4th 677 (9th Cir. 2025), to support her arguments. But *Jensen*, which follows *Demers v. Austin*, 746 F.3d 402 (9th Cir. 2014), is based on a "special niche" for higher education professors. As the Ninth Circuit recently recounted, the "academic freedom carve-out does not apply to primary and secondary school teachers." *Reges v. Cauce*, 162 F.4th 979, 997 (9th Cir. 2025) (cleaned up).

Ms. Inama's challenge concerning the ability of teachers to hang banners in public school classrooms was already addressed by *Johnson v. Poway Unified School District*, 658 F.3d 954 (9th Cir. 2011). Such speech is "government speech," not speech of a private citizen. *See also Downs v. L.A. Unified Sch. Dist.*, 228 F.3d 1003 (9th Cir. 2000) (addressing public school bulletin board postings, which were also government speech).

And Ms. Inama's implicit request for this Court to disregard the binding authority within *Johnson* and *Downs* cannot be accepted. Because House Bill 41 (2025), as codified at Idaho Code § 33-143, regulates government speech, none of Ms. Inama's claims would succeed, even if she could identify an appropriate defendant. The Court may properly expel Ms. Inama's suit from the courthouse, with prejudice.

**REPLY**

## I.    All federal law claims should be dismissed.

Ms. Inama accuses the State Entities of misunderstanding her claims. Dkt. 15 at 6. But her accusation is based on a misunderstanding of the law. "To sue someone, you must have a cause of action." *Keen v. Helson*, 930 F.3d 799, 800 (6th Cir. 2019); *accord Doe 1 v. United States*, 37 F.4th 84, 86 (3d Cir. 2022) (a plaintiff "must have a cause of action so he can 'invoke the power of the courts' to remedy his injury.") (citation omitted). Ms. Inama's claim that she is seeking *relief* under the Declaratory Judgment Act misses the point.

As the State Entities noted, the Declaratory Judgment Act does not create a cause of action. *See City of Reno v. Netflix, Inc.*, 52 F.4th 874, 879 (9th Cir. 2022). And so, Ms. Inama's Counts 1–5 have to be treated as claims under 42 U.S.C. § 1983 as against the relevant State Entities. But the State Entities have Eleventh Amendment Immunity and are not persons for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022).

### A. The State Entities have sovereign and Eleventh Amendment immunity.

Ms. Inama contends that she can sue the State Entities for prospective injunctive relief. Dkt. 15 at 8. She is simply wrong as a matter of law. "Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *E.g., Mitchell v. L.A. Comm. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citations omitted). Likewise, "state officials sued in their official capacities are not 'persons' within the meaning of § 1983." *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). "Eleventh Amendment immunity also shields state officials from official capacity suits." *Krainski v. Nev. ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010).

Ms. Inama also contends that whether the State Entities are persons for purposes of § 1983 is irrelevant. Dkt. 15 at 12. But her argument again misunderstands the law—she must have a cause of action to seek declaratory or injunctive relief. The Declaratory Judgment Act does not supply a cause of action. 42 U.S.C. § 1983 does, except that none of the State Entities are persons for purposes of § 1983 matters.

Regarding the Declaratory Judgment Act, Ms. Inama says the Ninth Circuit in *Reno* "did not conclude that the Declaratory Judgment Act cannot serve as a standalone claim." Dkt. 15 at 13. This is incorrect. The Ninth Circuit was clear: "We agree with our sister circuits that have considered the issue that the Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists." *Reno*, 52 F.4th at 878 (citing, *e.g., Chevron Corp. v. Naranjo*, 667 F.3d 232, 244–45 (2d Cir. 2012) ("[T]he DJA…does not create an independent cause of action.")) (alteration by the Ninth Circuit). It is not enough for Ms. Inama to simply point to the Declaratory Judgment Act and point to her allegations that rights under the U.S. Constitution were violated. Those do not establish a cause of action.

**B. The *Ex parte Young* exception does not apply to the Attorney General.**

Ms. Inama contends she can sue the Attorney General under *Ex parte Young* regarding Idaho Code § 33-143.[1] Yet her argument, as best can be deciphered, goes like this: (1) the Attorney General has general common law power and authority, Dkt. 15 at 9 (citing Idaho Code § 67-1401(11)); (2) the Idaho Constitution provides that the Idaho Legislature must establish a "uniform

---

[1] Ms. Inama claims to seek "*prospective* damages" against the Attorney General in his official capacity under 42 U.S.C. § 1983. Dkt. 15 at 6. Her complaint seeks damages for "infringement" of her rights. Dkt. 1 ¶ 239. But damages like those requested are retrospective relief. *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974). And the Eleventh Amendment bars claims for retrospective relief, such as damages. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864–65 (9th Cir. 2016).

and thorough system of public, free common schools," *id.* (citing IDAHO CONST. art. IX, § 1); and (3) the Idaho Supreme Court has remarked that the Attorney General as the State's legal counsel is generally responsible "for supporting and upholding Idaho's Constitution" and when "a legislative enactment appears to clash with the constitutional duties of a State board, it seems axiomatic that the Attorney General must step forward to uphold the [Idaho] Constitution," *id.* (citing *Wasden v. State Bd. of Land Comm'rs*, 153 Idaho 190, 195, 280 P.3d 693, 698 (2012)).

From these three points, Ms. Inama asserts that the Attorney General "has an explicit constitutional duty to enforce laws dealing with the 'free common schools' of Idaho" and "he also must 'step forward' when the Legislature threatens those schools and its teachers with an unconstitutional law." Dkt. 15 at 9–10 (citations omitted).

Ms. Inama's argument is not only difficult to track, it is legally wrong. First, the common law authority is simply a general authority. *Cf. L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). Second, the Idaho Supreme Court's recognition that the Attorney General represents the State's legal interest in *defending* the Idaho Constitution is irrelevant to the *Ex parte Young* analysis. *Doe v. Holcomb*, 883 F.3d 971, 976–77 (7th Cir. 2018). "An attorney general cannot be sued simply because of his duty to support the constitutionality of a challenged state statute…. Instead, in order for a plaintiff to overcome the Eleventh Amendment, the attorney general must play some role in enforcing (not just defending) the complained-of statute." *Id.* But the Attorney General plays no role and played no role *in the enforcement* of Idaho Code § 33-143. Third, the materials cited by Ms. Inama do not demonstrate that a duty to *enforce* Idaho Code § 33-143 falls on the Attorney General.

Next, Ms. Inama suggests she can sue the Attorney General because he gave legal advice to the Department of Education interpreting Idaho Code § 33-143, which the Department released,

and that the Attorney General "publicly announced that the law would be enforced as written." Dkt. 15 at 10–11. Yet Ms. Inama still has *not* shown some connection between the Attorney General and the enforcement of Idaho Code § 33-143. All she has alleged is that the Attorney General provided an "opinion to the [Department]." Dkt. 1 ¶ 150. This does *not* show a connection between a particular duty to enforce a statute as compared to the general duties of the Attorney General. *E.g., Eu*, 979 F.2d at 704 (requiring a fairly direct connection to the enforcement of the particular statute). Moreover, Ms. Inama's interactions with the West Ada School District, leading to her resignation on May 9, 2025, occurred before the Attorney General ever provided his advice to the Department of Education, or the Department released the opinion or guidance about Idaho Code § 33-143. Dkt. 1 ¶¶ 147, 150, 158.

Finally, Ms. Inama continues to attack the Attorney General's free speech rights by denouncing his Op-Ed. *See* Dkt. 15 at 10. She even goes so far as to say that "[t]he Eleventh Amendment cannot shield AG Labrador from making statements intended to chill educators' protected speech." *Id.* But she sued the Attorney General in his official capacity based on these past actions. These claims are treated as suits against the State and are barred by Eleventh Amendment immunity. *Krainski*, 616 F.3d at 967 (citation omitted).

## II.    All state law claims should be dismissed.

In response to the State Entities' assertion that the Court cannot hear the state law claims against them due to their sovereign and Eleventh Amendment immunities, Ms. Inama asserts the Court can. Dkt. 15 at 13–14.[2] This argument is legally frivolous. The "state law claims are barred

---

[2] Ms. Inama elsewhere cites *Tucker v. State*, 394 P.3d 54, 60–61 (Idaho 2017). *See* Dkt. 15 at 4. In that case, the Idaho Supreme Court held that the state did not have immunity *in state court* for "state law claims" alleging violations of the Idaho Constitution. Yet the Idaho Supreme Court's determination of the scope of the state's common law sovereign immunity as applied to suits in state court, which is different from a state's Eleventh Amendment immunity from suits against it

by the Eleventh Amendment, which precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973–74 (9th Cir. 2004) (citations omitted).

### III.      This suit should be dismissed with prejudice.

The Court should dismiss this suit with prejudice because Ms. Inama's complaint cannot "be saved by any amendment." *Satanic Temple v. Labrador*, 149 F.4th 1047, 1054 (9th Cir. 2025) (citation omitted). The "speech" that Ms. Inama is concerned about—displaying posters in a middle school classroom—is government speech, which is not subject to First Amendment analysis. *See Johnson*, 658 F.3d at 970 (applying the *Pickering*-based approach from *Eng v. Cooley*, 552 F.3d 1062 (9th Cir. 2009), to conclude that such speech "owes its existence to Johnson's position as a teacher" and is government speech); *Downs*, 228 F.3d at 1012 (concluding that speech on public school bulletin boards was government speech).

Ms. Inama, however, contends this Court should conclude that her display of a banner on public school classroom walls is not government speech, Dkt. 15 at 17, though *Johnson* holds otherwise. She argues hanging the banners on her public classroom walls is her private speech under *Jensen*. But Ms. Inama misunderstands the context of First Amendment analysis at issue in *Jensen*, which (although not cited by Ms. Inama) was also applied more recently in *Reges*. Both *Jensen* and *Reges* trace their holdings to the Ninth Circuit's earlier holding in *Demers*.

In *Demers* the Ninth Circuit recognized the special academic freedoms *university* (higher education) teachers and professors enjoy. 746 F.3d at 411–12 (relying on the Supreme Court's statement in *Grutter v. Bollinger*, 539 U.S. 306, 329 (2003) that "universities occupy a special

---

in federal court, does not amount to consent to suit in federal court. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 676 (1999).

niche in our constitutional tradition."). That's why *Jensen* applied the *Demers* holding to a *college professor's* speech. And that's also why the *Reges* panel applied the *Demers* holding to a *university professor's* speech. *Reges*, 162 F.4th at 996 ("Characterizing professors' speech in an academic context as 'government speech' would effectively swallow the academic speech exception to *Garcetti* that we recognized in *Demers*.").

The *Reges* panel addressed *Johnson* and *Downs*. There, the panel noted key differences between university professors and teachers like Ms. Inama:

> Unlike Reges's land acknowledgment, the messages we considered in *Johnson* and *Downs* were not directly attributed to an individual speaker and concerned spaces that were not acknowledged to be "the purview of the faculty," as UW regards syllabi. Defendants' appeal to cases involving high schools also ignores our observation that "the degree of freedom an instructor should have in choosing what and how to teach will vary depending on whether the instructor is a high school teacher or a university professor." *Demers*, 746 F.3d at 413; *see also Johnson*, 658 F.3d at 966 n.12 (noting that ***Garcetti*'s** " '**academic freedom' carve-out" does not apply to "primary and secondary school teachers**" (quoting *Garcetti*, 547 U.S. at 425, 126 S.Ct. 1951)). Because universities "occupy a special niche in our constitutional tradition," *Grutter*, 539 U.S. at 329, 123 S.Ct. 2325, we cannot conclude that university faculty can be restricted on the same basis as high school teachers.

*Reges*, 162. F4th at 997 (emphasis added).

Further, the speech at issue in *Jensen* was not banners hung by a teacher on a government owned classroom wall, but flyers handed out by Jensen in person to other attendees during a break at a community event that was organized to discuss the college's change in policy. *Jensen*, 131 F.4th at 684. Thus, *Jensen's* holding is factually inapposite.

As *Johnson* and *Downs* hold, hanging banners or having a bulletin board on the walls of a public high school classroom are forms of government speech. Accordingly, Ms. Inama's remaining challenges cannot be saved through any amendment.

**A. Ms. Inama's vagueness claims cannot be saved.**

In response to the State Entities' argument as to why Ms. Inama's vagueness claims cannot be saved, Ms. Inama builds her counter argument on the presumption that *Johnson* (and *Downs*) do not control, but as shown above she is incorrect. No facial vagueness claim could be brought by Ms. Inama. *Kashem v. Barr*, 941 F.3d 358, 375 (9th Cir. 2019). And so, the question is whether Ms. Inama could even bring an as applied claim. The answer is no because the government speech being regulated here is that of the school district's, leaving Ms. Inama without standing. *See, e.g.*, *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). But even considering the merits of her claim, it still fails. *See Boutilier v. INS*, 387 U.S. 118, 123 (1967); *Exxon Corp v. Busbee*, 644 F.2d 1030, 1033–34 (5th Cir. 1981) (applicable standards); *see also Broadrick v. Oklahoma*, 413 U.S. 601, 607–08 (1973)); *ArchitectureArt, LLC v. City of San Diego*, 231 F. Supp. 3d 828, 841 (S.D. Cal. 2017).

Lastly, Ms. Inama points to a case concerning a city ordinance with criminal penalties. In *Hunt v. City of Los Angeles*, an ordinance prohibited selling merchandise unless it carried "a religious, political, philosophical, or ideological message or statement which is inextricably intertwined with the merchandise." 638 F.3d 703, 711 (9th Cir. 2011). The court struck down the ordinance as vague, but its reasoning relied on five bases absent from the present case: (1) the ordinance referred to a "philosophical" message; (2) the message had to be "inextricably intertwined" with the merchandise; (3) the ordinance gave no examples of permitted or prohibited conduct; (4) the ordinance carried criminal penalties; and (5) the statute limited free expression. *Id.* at 711–12. Plus, it was critical in *Hunt* that the court could not tell if the ordinance prescribed the challenged conduct. *Id.* at 712. Ms. Inama's challenge, in contrast, would be far more limited than *Hunt*. Her banners "fall[] squarely within the 'hard core' of the statute's proscriptions" so it does not matter "if the outermost boundaries of" the statute were "imprecise" in any case. *Broadrick*, 413 U.S. at

608; Idaho Code § 33-143(2) (providing examples of proscribed conduct, including putting up banners representing views about "race" and "sexual orientation"). And, as a statute without criminal penalties, Idaho Code § 33-143 would be accorded greater leeway in the vagueness analysis. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498–99 (1982). Thus, Ms. Inama's vagueness claims cannot be saved.

**B. Ms. Inama's overbreadth claims cannot be saved.**

Ms. Inama's overbreadth claims also cannot be saved. Initially, Ms. Inama claims she can bring an "as applied" overbreadth claim. Dkt. 15 at 25. But none of the citations she supplies support that an overbreadth claim as applied even exists. *See also Farrell v. Burke*, 449 F.3d 470, 498 (2d Cir. 2006).

The remainder of Ms. Inama's argument regarding whether she could bring a proper, facial overbreadth claim, relies on her faulty assumption that the *Demers* framework applies to Ms. Inama's desire to hang banners in her classroom. *See* Dkt. 15 at 22–25. But as this is government speech, it is not speech protected by the First Amendment. *See Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467 (2009). And so Ms. Inama could not maintain any type of overbreadth claim. And even the merits of an overbreadth claim would fail because the statute is targeted at government speech, and the lawful sweep of Idaho Code § 33-143 far exceeds any of the limited hypotheticals Ms. Inama could assert. *See United States v. Hansen*, 599 U.S. 762, 770 (2023).

**C. Ms. Inama's claims against the Attorney General cannot be saved.**

Ms. Inama suggests she could have a claim against the Attorney General—in his official capacity—for the Attorney General's individual exercise of his free speech rights and penning of an Op-Ed, which he also caused to be published on the Attorney General's website. Dkt. 15 at 19. (The Attorney General is, after all, head of the Office of the Attorney General, and can direct the Op-Ed's publication there.) But she fails to grapple with *Nunez v. City of Los Angeles*, 147 F.3d

867, 875 (9th Cir. 1998), which recounts in response to a First Amendment retaliation claim that "[i]t would be the height of irony, indeed, if mere speech, in response to speech, could constitute a First Amendment violation." The *Mulligan v. Nichols* case, 835 F.3d 983 (9th Cir. 2016), cited by Ms. Inama, is not to the contrary. It simply recognizes that speech by itself, even if it causes reputational harm, is not actionable. (The alleged speech in *Mulligan* cost the plaintiff his job and was still not actionable, 835 F.3d at 989.) And that is all the Op-Ed is in this case: First Amendment protected speech. The Attorney General has no enforcement authority regarding Idaho Code § 33-143, nor general authority to discipline, fire, or prosecute Ms. Inama for hanging the banners in her classroom. *See* Idaho Code §§ 33-143; 67-1401.

### D. Ms. Inama's state law claims cannot be saved.

Ms. Inama only directly addresses her state law claim regarding article I, § 9 of the Idaho Constitution. Dkt. 15 at 28. But for the reasons the State Entities set out in their opening brief, this claim (and any state-law claim) is barred by the Eleventh Amendment as against the State Entities. Such claims cannot be saved on the merits, as Ms. Inama's claims fail for the same reasons her analogous federal law claims fail.

### CONCLUSION

For the foregoing reasons, the Court should dismiss Ms. Inama's lawsuit against the Board of Education, Department of Education, and Attorney General *with prejudice*.

DATED: April 2, 2026

                                        STATE OF IDAHO
                                        OFFICE OF THE ATTORNEY GENERAL


                                        /s/ *Brian V. Church*
                                        BRIAN V. CHURCH

                                        Lead Deputy Attorney General

                                        *Attorney for Defendants Idaho Board of*
                                        *Education, Idaho Department of Education,*
                                        *and Attorney General Labrador*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Elijah M. Watkins
watkins.elijah@dorsey.com

Aaron R. Bell
bell.aaron@dorsey.com

Latonia Haney Keith
lhaney@post.harvard.edu

McKay Cunningham
cunninghammckay@gmail.com

*Attorneys for Plaintiff*

James R. Stoll
jstoll@ajhlaw.com

Nicole M. Jenkins
njenkins@ajhlaw.com

John J. Maas V
jmaas@ajhlaw.com

*Attorneys for Defendants West Ada School District, Dr. Derek Bub, and Monty Hyde*


 /s/ *Brian V. Church*
BRIAN V. CHURCH