Elijah M. Watkins (ISB No. 8977)
Aaron R. Bell (ISB No. 10918)
DORSEY & WHITNEY LLP
101 South Capitol Boulevard, Suite 1100
Boise, ID 83702
Telephone: (208) 617-2550
Watkins.Elijah@dorsey.com
Bell.Aaron@dorsey.com

Latonia Haney Keith (ISB No. 9721)
McKay Cunningham (ISB No. 10178)
877 W. Main Street, Suite 503
Boise, ID 83702
Telephone: (512) 983-8000
lhaney@post.harvard.edu
cunninghammckay@gmail.com

*Attorneys for Plaintiff Sarah Inama*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH INAMA, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>IDAHO STATE BOARD OF EDUCATION, an agency of the State of Idaho; IDAHO STATE DEPARTMENT OF EDUCATION, an agency of the State of Idaho; RAUL R. LABRADOR, in his official capacity as the Attorney General of the State of Idaho; WEST ADA SCHOOL DISTRICT a political subdivision; DR. DEREK BUB, in his official capacity as Superintendent of West Ada School District; MONTY HYDE, in his official capacity as the Principal of Lewis & Clark Middle School,<br><br>　　　　　Defendants. | Case No. 1:26-cv-00064-DCN<br><br><br>**NOTICE OF SUPPLEMENTAL AUTHORITIES** |

　　　Plaintiff, Sarah Inama ("Plaintiff" or "Ms. Inama") through her counsel, Dorsey & Whitney, LLP, and associated co-counsel, hereby submit the following supplemental authorities

to the Omnibus Response in Opposition to Defendants' Motions to Dismiss ("Omnibus Response") (Dkt. 15).

## SUPPLEMENTAL AUTHORITIES

Ms. Inama submitted her Omnibus Response on March 19, 2026. On March 31, 2026, the United States Supreme Court issued its opinion in *Chiles v. Salazar*. 146 S. Ct. 1010, 2026 U.S. LEXIS 1565 at *7 (2026). In its 8-1 decision, the *Chiles* Court reversed and remanded after it held that the trial and appellate court erred in not applying heightened scrutiny to a Colorado speech law that prevented therapists from talking to minor children about their sexual orientation ("conversion therapy") in violation of the therapist's First Amendment rights.

Both Defendants argue on reply that Ms. Inama's speech is afforded diminished protection under the First Amendment because she is teaching minors—not college students—who are forced to be in school and so have no way of escaping the inclusive message of the Welcome Poster. Dkt. 17 at 3-7; Dkt. 18 at 7-8. By analogy, the *Chiles* Court found that the speech rights of professionals were not diminished even when they were speaking to minors, some of whose parents presumably forced them to attend conversion therapy, and even when Colorado had a compelling state interest to prevent alleged harm to its minor citizens.[1] *Chiles*, 2026 U.S. LEXIS 1565 at *37. Inama submits *Chiles* for this Court's consideration of the Supreme Court's most current conception of First Amendment protections involving licensed professionals, minors, forced attendance, and "controversial" subject matters.

Additionally, Defendants argue that Ms. Inama was speaking for the government because

---

[1] In *Chiles*, Colorado banned conversion therapy "in response to a growing mental health crisis among Colorado teenagers and mounting evidence that conversion therapy is associated with increased depression, anxiety, suicidal thoughts, and suicide attempts." 146 S. Ct. 1010, p. 8. Ms. Inama does not concede that the Welcome Poster is at all similarly "controversial," and Defendants have pointed to no similar (or any) harm to students resulting from the Welcome Poster's display.

the Welcome Poster hung on a "government wall." Dkt. 17 at 5-7; Dkt. 18 at 7-8. West Ada authorized Ms. Inama, and all teachers, to speak by encouraging them to decorate their classrooms at their own expense. Dkt. 1 at ¶ 75. By so doing, Defendants open the door for teacher speech, not government speech, and must regulate that speech in a content-neutral way. West Ada concedes that the message of the Welcome Poster is consistent with West Ada's policy, but that the content was presented in a way West Ada disagrees with. Dkt. 17 at 8. Ms. Inama submits *Chiles* for the Supreme Court's most recent thinking on this issue as well. *Chiles*, 2026 U.S. LEXIS 1565 at *16 ("When the government seeks not just to restrict speech based on its subject matter, but also seeks to dictate what particular opinion or perspective individuals may express on that subject, the violation of the First Amendment is all the more blatant.") (cleaned up).

Ms. Inama also notes that Defendants failed to comply with Your Honor's chamber rules regarding motion practice and the requirement to meet and confer prior to filing a motion to dismiss.[2] Defendants did not attempt to hold a meet-and-confer prior to filing their motions to dismiss and make no certification of such a meeting in any of their briefing.

DATED:   April 28, 2026

DORSEY & WHITNEY, LLP

/s/ Elijah M. Watkins
Elijah M. Watkins
Aaron R. Bell

*Attorneys for Plaintiff Sarah Inama*

---

[2] *See* https://www.id.uscourts.gov/district/judges/nye/Motion_Practice.cfm (*last accessed* April 28, 2026)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of April, 2026 I filed the foregoing electronically through the CM/ECF system, which cause the following parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James R. Stoll
Nicole M. Jenkins
John J. Maas
Anderson, Julian & Hull LLP
C.W. Moore Plaza
250 South Fifth St., Ste. 700
P.O. Box 7426
Boise, ID  83707-7426
*jstoll@ajhlaw.com*
*njenkins@ajhlaw.com*
*jmaas@ajhylaw.com*

*Attorneys for West Ada School District, Dr. Derek Bub, and Monty Hyde*

Brian V. Church
James E. M. Craig
Office of the Attorney General
P.O. Box 83720
Boise, ID  83720
*brian.church@ag.idaho.gov*
*james.craig@ag.idaho.gov*

*Attorneys for Idaho State Board of Education, Idaho State Department of Education, and Attorney General Raul R. Labrador*

*/s/ Elijah Watkins*
Elijah Watkins